UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC T. FRAZIER,

    Plaintiff,

v.   Case No. 3:19-cv-1120-J-39JBT

D.R. DANIELS, SHERIFF,

    Defendant.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Plaintiff Eric T. Frazier, an inmate of the Florida penal system, initiated this action by filing a pro se civil rights complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2) in the United States District Court for the Southern District of Florida. Because Plaintiff complains of the conditions of his confinement at the Clay County Jail (CCJ), the Southern District transferred the case to this Court.[1] See Order (Doc. 6). Plaintiff names the Sheriff of Clay County as the only Defendant. In his Complaint, Plaintiff asserts he is being

---

[1] Plaintiff was convicted in 2012 and sentenced to thirty-five years in prison. See Florida Department of Corrections website, Offender Information Search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited October 29, 2019). See also Clay County Jail website, available at http://p2c.claysheriff.com/jailinmates.aspx (last visited October 29, 2019). Plaintiff is currently housed at CCJ while he pursues post-conviction relief. See Compl. at 2, 3.

restricted from accessing the law library and from engaging in exercise. Compl. at 2, 3.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro

se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff's allegation that he has been restricted from the law library implicates an access-to-courts claim under the First Amendment. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action."

Barbour, 471 F.3d at 1225 (citations omitted). See also Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.") (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998)).

While Plaintiff alleges he is currently pursuing post-conviction relief, see Compl. at 2, his simple assertion that he has been restricted from going to the law library fails to state a plausible claim for relief under § 1983. See Iqbal, 556 U.S. at 678. Plaintiff does not allege he has missed a filing deadline or was otherwise frustrated in his efforts to pursue post-conviction relief. See Wilson, 163 F.3d at 1290-91 (clarifying that prisoners have "no inherent or independent right of access to a law library," but must demonstrate a lack of access hindered his efforts to pursue a nonfrivolous criminal appeal or post-conviction claim). Additionally, the Court takes judicial notice that Plaintiff indeed has access to the courts because he is represented by counsel in his post-conviction proceedings, who filed a motion on Plaintiff's behalf as recently as October 10, 2019.[2]

---

[2] See Clay County Clerk of Court, Online Court Records, website available at https://www.clayclerk.com/case-search/ (last visited October 29, 2019), Case No. 2011CF001453 (Docs. 58, 62).

Plaintiff's allegation that he has been restricted from exercising implicates the Eighth Amendment's cruel and unusual punishment clause. A prisoner asserting an Eighth Amendment violation must allege the prison official "actually knew of 'an excessive risk to inmate health or safety' and disregarded that risk." Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Plaintiff's vague allegations about an inability to exercise do not satisfy the stringent Eighth Amendment standard. Specifically, Plaintiff does not allege his inability to exercise constitutes an excessive risk to his health of which Defendant knew. See Compl. at 2. Moreover, Plaintiff includes no facts explaining the circumstances under which he has been denied access to exercise that would support the inference his health is at risk. See id.

Finally, Plaintiff fails to allege how Sheriff Daniels is responsible for the alleged denial of access to the courts or exercise. Plaintiff may not proceed against Sheriff Daniels in his role as a supervisor of others who may have violated his rights. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form.[3] If Plaintiff chooses to file a new complaint, he should not put this case number on it. The Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2019.

*[signature]*

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Eric T. Frazier

---

[3] The Court notes Plaintiff may have filed an incomplete civil rights complaint form. The Complaint received by this Court is only four pages, two of which are identical. If Plaintiff wants to initiate a civil rights case against anyone at CCJ, he may use the attached civil rights complaint form to do so.

6